UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LOREDANA INGENITO,

                                Plaintiff,

  - against -

RIRI USA, INC. and
BENJAMIN HOWELL, II,

                               Defendants.
-----------------------------------------------------------x

Docket No. **11-cv-2569**
(CBA)(RLM)

**MEMORANDUM OF LAW &
AFFIRMATION IN SUPPORT
OF PLAINTIFF'S MOTION
TO REMAND THIS ACTION
TO STATE COURT**

**VICTOR A. CARR**, an attorney duly admitted to practice before the United States District Court of the Eastern District and all of the Courts of the State of New York, affirms the following under the penalties of perjury:

1. That I am appearing of counsel to the lawfirm of WALTER GLIBOWSKI, ESQ., the attorney for the plaintiff in the above-captioned action, and as such I am submitting this Memorandum of Law and Affirmation in support of the within motion **pursuant to 28 U.S.C. Sections 1446 and 1447 remanding this matter back to the Supreme Court of the State of New York, Queens County**. This motion is made in response to the Notice of Removal made by the defendants, removing this action from the Supreme Court of the State of New York, Queens County, filed with this Court on May 27, 2011.

2. It is respectfully submitted that the Notice of Removal in this action was not filed within thirty (30) days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading upon which this action is based, as required by 28 U.S.C. section 1446(b).

3. This is an action to recover damages for unlawful discriminatory practices in violation of Section 296 of the Executive Law of the State of New York, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. section 2000e, commonly known as the Pregnancy Discrimination Act), and in violation of other Federal statutes, including but not limited to the Americans With Disabilities Act, the Genetic Information Nondiscrimination Act, the Family and Medical Leave Act of 1993 and the Employee Retirement Income Security Act (ERISA). the personal injuries sustained as a result of the negligence of the defendant(s). It arises out of the employment of the plaintiff, Loredana Ingenito, by the defendant, RiRi, USA, Inc., during the period of August 4, 2004 through January 13, 2010, when the plaintiff was terminated from her employment. The defendant, Benjamin Howell, II is named in this action in his representative capacity as the Chief Executive Officer of the corporate defendant, RiRi, USA, Inc.

## PROCEDURAL BACKGROUND

4. This action was commenced in the Supreme Court, Queens County, by the filing of a Summons & Verified Complaint on January 10, 2011. A copy of the Summons & Verified Complaint is electronically filed with this Court as Exhibit A annexed to Document #1.

5. Service of the Summons & Verified Complaint was effected on the defendants by service upon the New York Secretary of State on March 17, 2011 pursuant to New York Business Corporation Law section 306. A copy of the Affidavit of Service on the Secretary of State is annexed hereto as Exhibit A.

6. On March 17, 2011, the office of the New York Secretary of State, as statutory agent for service of process for the defendants, mailed a copy of the Summons & Verified Complaint to the defendants by certified mail, return receipt requested at the address on file for the corporation, namely "RIRI USA, INC., 350 FIFTH AVE., STE 2812, NEW YORK, NY 10118".

7. According to the certified records of the Secretary of State, a copy of which is annexed hereto as Exhibit B, the certified mail was returned "attempted unknown".

8. According to the records of the United States Postal Service, a copy of which is annexed hereto as Exhibit C, the certified mail was "refused" on March 28, 2011 and returned to the Post Office on April 1, 2011.

9. On several days in early March of 2011, personal service was attempted on the individual defendant, Benjamin Howell, II, however, plaintiff's process server was denied entry into 350 Fifth Avenue (the Empire State Building). See Affidavit of Attempted Service, annexed hereto as Exhibit D. According to the process server, at the time of those attempted services, a woman claiming to be the secretary of the said defendant advised that she had spoken to the defendant and that he refused to allow the process server entry into the building.

10. It was not until May 27, 2011 that the defendants filed a Notice of Removal with this Court, electronically filed as Document #1, claiming Federal Question Jurisdiction pursuant to 28 U.S.C. section 1331 and a right of removal pursuant to 28 U.S.C. section 1441.

11. Issue was joined by the service and filing of an Answer on behalf of both of the defendants on June 2, 2011, a copy of which is electronically filed with this Court as Document #3.

# ARGUMENT

12. Pursuant to 28 U.S.C.A. § 1446:

> "(b) The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *(emphasis supplied).*

13. "It is well established that **§ 1446(b)'s thirty day filing period, while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition**. Moreover, **this requirement has been interpreted strictly**, for reasons of comity and the reluctance to interfere with a plaintiff's right to choose his own forum. Accordingly, absent waiver or estoppel, **the thirty day period cannot be extended by court order, stipulation of the parties, or otherwise**. In addition, where, as here, a motion to remand has been filed, **the burden of persuasion remains upon the removing party, and any substantial doubts as to the propriety of the removal must be resolved against proponents of the federal forum**." <u>Nicola Products Corp. v. Showart Kitchens, Inc.</u>, 682 F.Supp. 171 (E.D.N.Y., 1988) *(internal citations omitted, emphasis supplied).*

14. It is respectfully submitted that the defendants in this case failed to file the Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading". It is further submitted that the defendants should not be permitted to exploit any delay in actually receiving the initial pleading caused only by the defendants' own intentional acts or negligence and that the defendants should, because of their actions, be equitably estopped from arguing that the Notice of Removal was timely.

15. Plaintiff concedes that when service of process is made upon the Secretary of State, as a statutory agent of the defendant, the thirty-day period during which the defendant may remove the case does not begin with service upon the Secretary of State, but rather, when the defendant receives the process. *See, <u>Boone v. Thane</u>, 2009 WL 910556, 2 (E.D.N.Y., 2009)*. As stated by the Southern District in *<u>Cotter v. Milly LLC</u>, 2010 WL 286614, 48 Employee Benefits Cas. 1972 (S.D.N.Y., 2010)*:

> "Although New York law may treat service as 'complete' when a summons and complaint are served on the Secretary of State, **federal courts in this district typically require actual receipt of the initial pleadings by a defendant to start the 30-day removal clock** ... **the heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent**. When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not

begin with service upon the agent, but rather, **when the defendant receives personal service of the summons and complaint, or from the date on which the defendant receives the notice that such service has been made** ... The logic behind this rule is that the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them. The rule is also consistent with the plain language of § 1446, which states that a notice of removal must be filed within 30 days of receipt by the defendant." *(internal citations and quotation marks omitted, emphasis supplied)*.

16. This rule, establishing that the 30-day period begins to run upon a defendant's actual receipt of notice, does not address the circumstances here, where **the delay in notice was caused solely by the defendants' intentional acts and/or by the defendants' failure to provide accurate contact information to the New York Secretary of State, in violation of state law**.

17. The defendants in this case went to extra-ordinary efforts to avoid service, **by refusing access to their offices** to the plaintiff's process server, despite knowing that the process server was there to serve legal process in this case, and by either **failing to provide an accurate address to the Secretary of State** for receipt of service of process, in violation of their legal obligations imposed by the Business Corporation Law, and/or **by knowingly refusing the certified mailing** sent by the Secretary of State.

18. It is submitted that the defendants, by failing to keep the Secretary of State advised of a proper address for service of process, should not be permitted to exploit any resultant delay in notice caused only by their own negligence. Alternatively, the defendants, by refusing access to their offices by the process server and by refusing the certified mail from the Secretary of State, should not be permitted to exploit any resultant delay in notice caused by their intentional acts clearly meant to avoid that notice.

19. It has been held that if a defendant's failure to meet a statutory obligation prevented the defendant from receiving service of process through the Secretary of State's mailing, then the defendant should be estopped from arguing that its notice of removal was timely. *See, Cotter v. Milly LLC, supra, citing to Rowland v. Giftcertificates.com, Inc., 195 F.Supp.2d 509 (S.D.N.Y., 2002).*

20. As stated in *Cotter*, the reasoning annuncciated in *Rowland* **"is persuasive and fair. The 'actual notice' requirement is intended to protect defendants from errors committed by, or delay attributable to, the Secretary of State's office or some other third party, not to insulate defendants from the consequences of their own negligence."**

21. Paraphrasing *Cotter*, but for the defendants own negligence and/or intentional acts intended to avoid notice, the defendants would have received notice of this action no later than March 28, 2011, the date that the certified mail from the Secretary of State was refused. Under such circumstances, the defendants should not be permitted to exploit any delay in receiving actual notice and should be equitably estopped from arguing that their Notice of Removal was timely.

22. In *Martin-Trigona v. Belford, 763 F.2d 503 (2d Cir., 1985)*, the Second Circuit found that a defendant's failure either to collect corporate mail sent to the address on record with the Secretary of State or to change the address for service of process with the Secretary of State constituted a willful disregard of legal process and a willful default.

23. In this case, service was "complete" when the Summons & Verified Complaint was served on the Secretary of State on March 17, 2011. In this case, the defendants were clearly aware of the pendency of this action when, on March 1, March 4 and March 8, 2011, they were repeatedly told that a process server was at their building with legal papers to be served, but, in a clear attempt to avoid service, refused access to their building. In this case, when the certified mail from the Secretary of State was either

returned "attempted unknown" or "refused", it was due either to the defendants' willful disregard of their legal obligation to keep a proper address on file with the Secretary of State, or their intentional act of refusing to accept the certified mail.

24. As previously stated, it is the defendants' burden on this motion to persuade this Court that the Notice of Removal was timely filed and to eliminate any substantial doubts as to the propriety of the removal (*Nicola Products Corp.*, supra). It is submitted that the defendants cannot meet that burden, and that, under the circumstances presented herein, the defendants should not be permitted to exploit any delay in receiving actual notice and should be equitably estopped from arguing that their Notice of Removal was timely.

**WHEREFORE**, it is respectfully requested that this court issue an order remanding this matter back to the Supreme Court of the State of New York, County of Queens, or for such other relief this court feels is just and proper.

DATED: Westbury, New York
July 8, 2011

_____
**VICTOR A. CARR** (7542)