UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
LOREDANA INGENITO,

                                    Plaintiff,                    REPORT AND
                                                                 RECOMMENDATION

                    -against-
                                                                 11-CV-2569 (CBA)

RIRI USA, INC. and BENJAMIN
HOWELL II,

                                    Defendants.
---------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

       On January 10, 2011, plaintiff Loredana Ingenito ("plaintiff") filed a Verified

Complaint, charging employment discrimination, against defendants Riri USA Inc. ("Riri")

and Benjamin Howell II ("Howell") (jointly, "defendants") in New York State Supreme Court,

Queens County. See Verified Complaint ("Compl."), ECF Docket Entry ("D.E.") #1 at pp.

7-17. After defendants removed the case to federal court on May 27, 2011, see Notice of

Removal (May 27, 2011), D.E. #1, plaintiff requested a premotion conference regarding an

anticipated motion to remand the case back to state court, see Letter Motion to Remand to State

Court (June 9, 2011), D.E. #7, and the Honorable Carol B. Amon referred the request to the

undersigned magistrate judge. See Order (June 10, 2011). Pursuant to the schedule set by this

Court at the resulting premotion conference, see Minute Order (June 23, 2011), D.E. #11,

plaintiff timely moved to remand on the ground that the Notice of Removal was not timely

filed. See Motion to Remand to State Court (July 7, 2011) ("Remand Motion") ¶ 2, D.E. #12.

Defendants filed their Memorandum in Opposition (July 25, 2011) ("Def. Mem."), D.E. #13,

which was thereafter followed by plaintiff's Reply in Support (Aug. 1, 2011) ("Pl. Reply"),

D.E. #14. In the interim, Judge Amon referred plaintiff's Remand Motion to the undersigned magistrate judge. See Order (July 8, 2011).

For the reasons that follow, it is the recommendation of this Court that plaintiff's Remand Motion be denied.

**FACTUAL BACKGROUND**

As demonstrated in the Discussion section of this opinion, plaintiff's challenge to the timeliness of removal necessitates an examination of the method and timing of service of process in this case. Plaintiff claims that "[s]ervice of the Summons and Verified Complaint was effected on the defendants by service upon the New York Secretary of State on March 17, 2011 pursuant to New York Business Corporation Law section 306." Remand Motion ¶ 5. Both the Affidavit of Service on the Secretary of State (Mar. 17, 2011) ("Sec'y St. Aff."), D.E. #12-3, and the Affidavit of Service Through the Secretary of State, see Aff. of Service (Mar. 24, 2011), D.E. #12-2, name only Riri as the party served; Howell is nowhere mentioned. On March 17, 2011, the office of the New York Secretary of State mailed copies of the Summons and Verified Complaint by certified mail to the address on file for Riri, but it was returned as undeliverable, with the notation "attempted unknown." See Remand Motion ¶¶ 6-7; Sec'y State Aff.[1]

Plaintiff claims that personal service was attempted on Howell three times in early March 2011 at 350 Fifth Avenue (the Empire State Building), but that each time the process

---

[1] Tracking records of the United States Postal Service note that the certified mail was "refused" on March 28, 2011 and returned to the Post Office on April 1, 2011. See Post Office Records, D.E. #12-4.

server, MaryTeresa Maldonado ("Maldonado"), was denied entry into Howell's business office.  See Remand Motion ¶ 9; see also Affidavit of Service (May 24, 2011) ("Maldonado Aff."), D.E. #12-5.  Maldonado reports that on each attempt, the security guards near the elevators inside the building would not allow her to go upstairs "unless given permission by the office of L. Benjamin Howell II . . . ."  Maldonado Aff.  On Maldonado's first attempt, a woman claiming to be Howell's secretary "told security she had to ask her boss, Mr. Howell[,] if she could get the papers . . . ."  Id.  Shortly thereafter, the secretary called security and asked to speak directly to Maldonado, reporting that "she was told to tell [Maldonado]" that Maldonado was not allowed upstairs, that no one would come down, and that the secretary in particular was not permitted to come down for the papers.  Id.  On the second and third attempts, when security called Howell's office, the secretary refused to come down, to allow Maldonado upstairs, or to speak to Maldonado on the phone.  See id.[2]  Maldonado does not allege that she announced the nature of the papers she was seeking to deliver.  See id.

On May 5, 2011, plaintiff's counsel mailed defendants a courtesy copy of the pleadings, advising that a "Summons and Complaint [had been] served on Riri USA Inc. and L. Benjamin Howell II via the Secretary of the State of New York on March 17, 2011."  Letter from Plaintiff's Counsel to Defendants (May 5, 2011), attached to Certification of David Strand (July 25, 2011), D.E. #13-2.  Howell claims that this was the first and only time that he received a copy of the pleadings.  See Howell Cert. ¶ 6; Def. Mem. at 2.  Defendants contend that although Howell has never been personally served, "out of an abundance of caution[,]" he

---

[2]  Howell contends that he was traveling out of state on business when the first two attempts were made.  See Certification of Benjamin Howell (July 21, 2011) ("Howell Cert.") ¶¶ 4-5, D.E. #13-1.

filed a Notice of Removal on May 26, 2011, within thirty days of receipt of the courtesy copy. Def. Mem. at 4.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1446(b), which governs removal of a state action to federal court, notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). Despite the language of section 1446(b), "it is well-settled that the time to file a notice of removal under section 1446(b) is not triggered until service of the initial pleading has been properly effectuated." Lead I JV, LP v. N. Fork Bank, 401 B.R. 571, 576 (E.D.N.Y. 2009) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 349-56 (1999)). "[S]ince a court cannot exercise personal jurisdiction over a party named in a complaint until that party has been properly served, 'one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.'" Id. (quoting Murphy Bros., 526 U.S. at 350).

As a corollary of that principle, where, as here, there are multiple defendants, courts in this Circuit follow the "last-served defendant rule," whereby the time for removal under section 1446(b) is determined by the date of service upon the last defendant served.[3] See Lead I JV, 401 B.R. at 576-77 (court relies on the reasoning in Murphy Brothers and applies the

_____

[3] Despite the term "last-served defendant rule," service of process is not a prerequisite to removal; a party who learns of an action against him may notice removal even if he has not been properly served. See Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 558 (E.D.N.Y. 2010).

last-served defendant rule, but notes that federal courts are split as to whether to apply the first-served rule or the last-served rule and that neither the Supreme Court nor the Second Circuit has addressed the issue); accord Fernandez v. Hale Trailer Brake & Wheel, 332 F.Supp.2d 621, 623-24 (S.D.N.Y. 2004) (applying last-served defendant rule); Piacente v. State Univ. of N.Y. at Buffalo, 362 F.Supp.2d 383, 385-90 (W.D.N.Y. 2004) (applying the last-served rule and rejecting arguments in support of the first-served rule); Varela v. Flintlock Constr., Inc., 148 F.Supp.2d 297, 299-300 (S.D.N.Y. 2001) (same).

Consequently, even assuming *arguendo* that in this case, Riri, the corporate defendant, was properly served via the New York Secretary of State, the Court's inquiry does not end there; the timeliness of defendants' Notice of Removal turns on whether *Howell* was properly served and, if so, when.[4] "In determining the validity of service prior to removal, a federal

---

[4] Acknowledging that the documents served on the New York Secretary of State did not actually reach defendants, see Remand Motion ¶¶ 6-8, plaintiff argues that defendants are estopped from challenging the timeliness of removal because the non-delivery was due to defendants' failure to keep the Secretary of State apprised of a proper address and/or their refusal to accept mail from the Secretary of State. See Remand Motion ¶¶ 14-23. The Court need not decide whether service on Riri was effective; in any event, for the reasons hereinafter discussed, delivery of the summons and complaint to the Secretary of State did not constitute effective serve on the individual defendant, Howell, and therefore, under the last-served defendant rule, the thirty-day period for removal did not begin to run when service was attempted through the Secretary of State.

Plaintiff also argues that the "'last served defendant' rule does not apply in this case [because] Benjamin Howell II is not a separate and distinct defendant from RIRI USA, INC., but is only named in his representative capacity . . . ." Pl. Reply ¶ 5. Plaintiff cites no authority for this assertion and, in any case, the Verified Complaint does not allege that Howell is named solely in his representative capacity. Cf. T.E.A. Marine Auto. Corp. v. Scaduto, 581 N.Y.S.2d 370, 374 (2d Dep't 1992) ("The general rule is that service of a single document upon an officer of a corporation constitutes service upon the corporation itself as well as upon the individual officer, *provided that there has been simultaneous compliance with the statute governing both corporations and individuals*.") (citations omitted, emphasis added).

court must apply the law of the state in which the service was made." Weiss v. Glemp, 792 F.Supp. 215, 225 (S.D.N.Y. 1992).

Contrary to the premise of plaintiff's argument that Howell was properly served through the Secretary of State, see Remand Motion ¶ 23; see also Pl. Reply ¶¶ 2-3, 6, section 306 of New York's Business Corporation Law authorizes "[s]ervice of process of the Secretary of State as agent of *a domestic or authorized foreign corporation*," see N.Y. Bus. Corp. Law § 306(b)(1) (emphasis added), and does not authorize such service on individuals. See generally Ultradent Prods., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002) (noting that section 306 of New York's Business Corporation Law "provide[s] that proper service of process upon a *corporation* may be made by serving such upon a designated agent for that corporation") (emphasis added). Rather, the propriety of service on Howell is governed by section 308 of New York's Civil Practice Law and Rules ("CPLR"), which sets forth the acceptable methods of personal service on a natural person, i.e., by: (1) "delivering the summons within the state to the person to be served"; (2) "delivering the summons within the state to a person of suitable age and discretion" at the residence or place of business of the person to be served, and mailing the summons to either the person's residence or place of business; (3) "delivering the summons within the state to the agent for service of the person to be served as designated under" section 318 of the CPLR; (4) where service under subsections (1) or (2) cannot be made "with due diligence," affixing the summons to the door of the residence or place of business of the person to be served and mailing the summons to either the person's residence or place of business; or (5) "in such

manner as the court, upon motion without notice, directs, if service is impracticable" under

subsections (1), (2), and (4). NY CPLR § 308.

"Service of process must be made in strict compliance with statutory methods for

effecting personal service upon a natural person pursuant to CPLR 308." Santiago v. Honcrat,

912 N.Y.S.2d 419, 419-20 (2d Dep't 2010) (internal quotation omitted); see also Weiss, 792

F.Supp. at 224 ("New York courts have interpreted the delivery requirement of § 308

strictly.").[5] Service must comply with the methods prescribed in section 308 of the CPLR

"regardless of whether the defendant actually receives the documents by some other means."

Sobol, 1991 WL 22320, at *3 (citing Raschel v. Rish, 69 N.Y.2d 694, 697 (1986), and Velez

v. Smith, 540 N.Y.S.2d 339, 339 (2d Dep't 1989) ("[n]otice by unauthorized means does not

confer personal jurisdiction")). The New York Court of Appeals has refused to recognize an

estoppel exception to the "plain and literal language" of section 308, "even when a process

server claims to act on an express or implied misrepresentation of specific authority from 'the

person to be served.'" Dorfman v Leidner, 76 N.Y.2d 956, 957-58 (1990) (citing Espy v

---

[5] The court in Weiss cited the following decisions as illustrative: McDonald v. Ames Supply Co., 22 N.Y.2d 111 (1968), in which the New York Court of Appeals voided service on a corporation's managing agent where the process server left the summons with a receptionist in the building in which the corporation's office was located; Macchia v. Russo, 67 N.Y.2d 592, 592-93 (1986), in which the court rejected service by delivery to the defendant's son, even though the son actually gave the papers to his father; and Board of Education of Liverpool Cent. Sch. Dist. v. Sobol, No. 90-CV-198, 1991 WL 22320, at *4 (N.D.N.Y. Feb. 19, 1991) ("Sobol"), in which the court found service improper where the process server left the summons in an envelope on a desk in an empty conference room, "especially when the server failed to announce the purpose of her venture." See Weiss, 792 F.Supp. at 224.

<u>Giorlando</u>, 445 N.Y.S.2d 230 (2d Dep't 1981), <u>aff'd</u>, 56 N.Y.2d 640 (1982)).[6]   As the court

in <u>Dorfman</u> observed:

> Service of process is carefully prescribed by the Legislature, which affords litigants ample methods for serving natural persons.  Regularity of process, certainty and reliability for all litigants and for the courts are highly desirable objectives to avoid generating collateral disputes.  These objectives are served by adherence to the statute and disserved by judicially engrafted exceptions to [section 308].

76 N.Y.2d at 958 (internal citations omitted).

Unable to satisfy any of the prongs of section 308 of the CPLR, plaintiff argues -- and

Howell disputes -- that Howell intentionally evaded service.  <u>See</u> Remand Motion ¶ 17; Howell

Cert.  Where defendants actively resist service, New York courts have allowed "some

flexibility in the actual delivery of service under the subsections of CPLR § 308." <u>Sobol</u>, 1991

WL 22320, at *4; <u>see also</u> <u>Weiss</u>, 792 F.Supp. at 224 ("There is some flexibility in the

requirements of § 308 when a defendant resists service.").  Specifically, "where 'the person to

be served' is himself clearly attempting to resist or evade service," the summons may be left

"in close proximity to the person to be served or near the door which the 'person to be served'

refused to open." <u>Prof'l Billing Res., Inc. v. Haddad</u>, 705 N.Y.S.2d 204, 207 (N.Y.C. Civ.

Ct. 2000) ("<u>Haddad</u>") (internal citations omitted) (collecting cases); <u>Melkaz Int'l Inc. v. Flavor</u>

<u>Innovation Inc.</u>, 167 F.R.D. 634, 643 n.6 (E.D.N.Y. 1996) ("[U]nder CPLR § 308(1),

delivery of a summons and complaint may be accomplished by leaving it in the 'general

---

[6]  Those decisions predated the 1987 amendment to CPLR § 308(2), which, *inter alia*, permits delivery to a person of suitable age and discretion at the defendant's actual place of business, provided that a copy of the summons is then mailed to the defendant's last known residence or actual place of business.  NY CPLR § 308(2); <u>Dorman</u>, 76 N.Y.2d at 958-59.  In this case, delivery to Howell's place of business was not completed and no mailing occurred.

vicinity' of a person who 'resists' service.") (quoting <u>McDonald</u>, 22 N.Y.2d at 115).  In

accordance with this limited exception, "if the person to be served interposes a door between

herself and the process server, the latter may leave the summons outside the door provided the

person to be served is made aware that he is doing so."  <u>Melkaz Int'l</u>, 167 F.R.D. at 643 n.6

(citing <u>Lefton v. Freedman</u>, 559 N.Y.S.2d 330 (2d Dep't 1990)). In short, "the only

recognized exception to the strict requirement of delivery to the 'person to be served' is where

'the person to be served' is himself clearly attempting to resist or evade service and

consequently the summons is left in close proximity to the person to be served, or near the

door which the 'person to be served' refused to open."  <u>Haddad</u>, 705 N.Y.S.2d at 207

(citations omitted).

 The aforesaid exception is, however, a narrow one.  In most cases where it has been

applied and upheld, a door was *literally* closed to the process server, and clearly identifiable

process was then left in the vicinity of the person to be served.  <u>See</u>, <u>e.g.</u>, <u>Bossuk v. Steinberg</u>,

58 N.Y.2d 916, 918 (1983) (leaving process outside the dwelling of the person to be served

after announcing his purpose, being refused entry by a person of suitable age and discretion,

and stating that he was leaving the papers, was good service under CPLR § 308(2) because the

person inside was thereby made aware that delivery was taking place); <u>Francis S. Denney, Inc.

v. I.S. Labs., Inc.</u>, 737 F.Supp. 247, 248 n.1 (S.D.N.Y. 1990) (leaving documents outside the

door of the person to be served was proper service under CPLR § 308(1) when that person

slammed the door and knowingly refused to open it to accept service); <u>cf.</u> <u>Sobol</u>, 1991 WL

22320, at *4 (service was improper where the process server, without announcing her purpose,

-9-

simply deposited the documents in a plain envelope at the place of business of the person to be served). Even where process was personally delivered to the person to be served, a court has held service improper where the person rejected a plain, unmarked envelope containing the documents without looking at the contents or being informed of the contents by the server. See Bertha G. v. Paul T., 509 N.Y.S.2d 995, 996-97 (Kings Cty. Fam. Ct. 1986) ("[I]f the respondent evades or rejects the service, the process server cannot leave in silence but must announce his action.").

In light of this legal framework, this Court concurs with defendants that Howell has not yet been properly served. First, plaintiff's attempt to serve Howell via the New York Secretary of State fails, both because service on the New York Secretary of State named only Riri, not Howell, see Sec'y St. Aff., and because nothing in the record suggests that Howell, a natural person, designated the New York Secretary of State as his agent for service in accordance with section 318 of the CPLR,[7] as required for service to be effective under section 308(3). Second, plaintiff admits that Howell was not personally served: "personal service was attempted on the individual defendant, Benjamin Howell, II, however, plaintiff's process server was denied entry . . . ." Remand Motion ¶ 9. Third, plaintiff makes no claim to have satisfied the substitute service provisions of section 308 by delivering the summons to a person of suitable age and discretion or affixing the summons to the door at Howell's residence or place of business, followed by a mailing to the same. The process server does not assert that

---

[7] Section 318 requires "a writing, executed and acknowledged in the same manner as a deed . . . filed in the office of the clerk of the county in which the principal to be served resides or has its principal office." NY CPLR § 318.

she left process at Howell's place of business when she attempted personal service, <u>see</u> Maldonando Aff., nor does plaintiff claim to have mailed the documents to Howell until courtesy copies were forwarded to defendants on May 5, 2011.  Finally, in contrast to situations in which courts have permitted exceptions to the requisite "strict compliance" with section 308, <u>Santiago</u>, 912 N.Y.S.2d at 419, plaintiff alleges neither that Howell affirmatively, and *knowingly*, refused to accept service, nor that the process server ever left the documents in his vicinity.

In sum, plaintiff never successfully personally delivered a copy of the Summons and Verified Complaint to Howell, nor availed herself of the "ample methods for serving natural persons" set forth in section 308.  <u>Dorfman</u>, 76 N.Y.2d at 959.  Even if plaintiff is correct that Howell resisted service by refusing to admit the process server into his office, and even assuming *arguendo* that Howell was aware that that person was attempting to serve him with process, the failure of the process server to leave the Summons and Verified Complaint in Howell's vicinity places this case outside the narrow judicially crafted exception to "the plain and literal language" of section 308.  <u>Id</u>. at 957.  Because Howell was never properly served, the thirty-day period prescribed by 28 U.S.C. § 1446(b) was not triggered; Howell's Notice of Removal was timely filed; and plaintiff's Remand Motion fails as a matter of law.  Therefore, the motion should be denied without a hearing.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court recommends that plaintiff's Remand Motion be denied.

Any objections to the recommendations contained herein must be filed with Judge Amon on or before August 26, 2011. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk is directed to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
            **August 9, 2011**

                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**