UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
LOREDANA INGENITO,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                                11-CV-2569 (MKB) (RLM)
                        v.

RIRI USA, INC., BENJAMIN HOWELL II and
RIRI SA,

                        Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Loredana Ingenito brings the above-captioned action against Riri USA, Inc. ("Riri USA"), Benjamin Howell, II and Riri SA, the parent company of Riri USA.[1] Plaintiff's remaining claims are pregnancy discrimination under a disparate treatment theory pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Act of 1978, and pregnancy discrimination pursuant to the New York State Human Rights Law ("NYSHRL"). On September 21, 2015, Magistrate Judge Roanne L. Mann denied a motion to compel discovery by Plaintiff. On October 5, 2015, Plaintiff moved for a review of Judge Mann's September 21, 2015 Order, requesting that the Court set aside or modify the Order. (Pl. Disc. Appeal Mot., Docket Entry No. 90.) By Memorandum and Order dated December 22, 2015, the Court denied Plaintiff's request and affirmed Judge Mann's Order (the "December 22, 2015 Decision"). *Ingenito v. Riri USA, Inc.*, No. 11-CV-2569, 2015 WL 9412541, at *1 (E.D.N.Y. Dec. 22, 2015). On January 28, 2016, Plaintiff moved for reconsideration of the

---

[1] Plaintiff commenced the action in the Supreme Court of the State of New York, County of Queens against Defendants Riri USA and Howell. Riri USA and Howell removed the action to this Court on May 27, 2011.

Court's December 22, 2015 Decision, pursuant to Local Civil Rule 6.3. (Pl. Mot. for Reconsideration ("Pl. Mot."), Docket Entry No. 98.) For the reasons discussed below, the Court denies Plaintiff's motion and declines to reconsider the December 22, 2015 Decision.

**I. Background**

The Court assumes familiarity with the facts as set forth more fully in the December 22, 2015 Decision, *Ingenito*, 2015 WL 9412541, at *1–5, and provides a summary of only the pertinent facts.

Plaintiff alleges that her former employer, Riri USA, terminated her due to her pregnancy and that Defendants did not have a legitimate, nondiscriminatory reason to terminate her employment. (Am. Compl. ¶¶ 27–29, 38.) Plaintiff alleges that she informed Howell of her pregnancy on or about December 3, 2009, (*id*. ¶ 22), while Howell recalls that Plaintiff told him of her pregnancy on December 10, 2009, (Def. 56.1 ¶¶ 42–44).

On August 31, 2015, after the completion of discovery, Riri SA produced to Plaintiff two emails between Howell and Ted Rosen, counsel to Riri USA at the time of Plaintiff's termination (the "Initial Production"). (Pl. Disc. Mot. 1, Docket Entry No. 83.) The emails were relevant to the timing of when Plaintiff informed Howell of her pregnancy. While communicating with regard to a draft separation agreement for Plaintiff, Howell sent an email to Rosen stating that "Lori broke the news that she is pregnant," and sought legal advice from Rosen regarding any impact the notification may have on plans to terminate Plaintiff. (*Id*. at 5, 7.) In response to the Initial Production by Defendants, Plaintiff demanded the production of all emails between Howell and Fox Rothschild, LLP, counsel to Riri USA, "related in any manner whatsoever to the employment of [P]laintiff or to this case." (*Id*. at 9.) Plaintiff argued to Defendants that the voluntary Initial Production "constituted a waiver of the attorney-client privilege." (*Id*.)

Plaintiff also moved before Judge Mann for an order: (1) to compel Defendants to produce "all emails between Mr. Howell and his attorneys related to [P]laintiff's employment with [Riri USA], her pregnancy and termination"; (2) to direct Rosen to appear for a deposition as a fact witness "concerning his conversations with [Howell]"; and (3) to disqualify Fox Rothschild from representing Riri SA in this litigation. (Pl. Disc. Mot. at 2, 3.)

After receiving Plaintiff's letter demand and motion to compel, Riri SA responded by letter to Plaintiff's counsel, stating that any waiver of attorney-client privilege triggered by the voluntary Initial Disclosure was limited to the subject matter and "solely related to . . . when in fact Mr. Howell was informed about Plaintiff's pregnancy." (Letter dated Sept. 16, 2015 at 1, annexed to Defs. Opp'n to Pl. Disc. Mot. ("Defs. Disc. Opp'n") as Ex. 1, Docket Entry No. 86.) Defendants also stated in their letter response that the Initial Production constituted "all emails" between Riri USA employees and Fox Rothschild attorneys regarding the timing of when Plaintiff informed Howell of her pregnancy. (*Id*.) Riri SA also produced "all emails in [its] possession between Riri USA and [Fox Rothschild] regarding the issue of [] Plaintiff's termination from Riri USA" (the "Supplemental Production"), but "without conceding any further waiver of attorney-client privilege." (*Id*. at 2.) Defendants separately responded to Plaintiff's motion to compel and argued that the subject matter of the Initial Production limited the scope of the waiver triggered by that voluntary production to when Howell was informed of Plaintiff's pregnancy. (Defs. Disc. Opp'n 2.)

On September 21, 2015, Judge Mann heard oral argument on Plaintiff's motion to compel and denied Plaintiff's motion. As to the scope of the subject matter waiver of attorney-client privilege, Judge Mann explained that, "[d]espite the fact that the waiver is a subject matter waiver, [P]laintiff has moved to compel all communications between counsel and

3

Mr. Howell with respect to [P]laintiff," instead of limiting her request to the relevant subject matter. (Sept. 21, 2015 Tr. 4.) Judge Mann determined that "there was a selective waiver in order to establish the timing of the decision to terminate [Plaintiff]," (*id.* at 28), and thus the scope of the subject matter waiver was "simply a question of timing" as to Plaintiff's termination, (*id*. at 21), and did not "extend[] to the actual underlying reasons for the termination," (*id*. at 31). Moreover, Judge Mann noted that references by Rosen to Howell's legitimate reasons for terminating Plaintiff appeared only in the Supplemental Production "in connection with a motion to compel" and in an attempt "to moot the issue," rather than in the initial voluntary disclosure, which is the source of the waiver. (*Id*. at 31.) She determined that the waiver did not cover "all communications" between Howell and Rosen because the Initial Production "[did] not in any way touch upon the reason for [Plaintiff's] termination." (*Id*. at 21–22.)

Judge Mann also denied Plaintiff's request to depose Rosen. Judge Mann explained that depositions of counsel are "highly discouraged and rarely justified," (*id*. at 17), and that Plaintiff had not made a "sufficient showing" as to "the need" to depose Rosen, (*id*. at 28, 31). Judge Mann determined that because "the subject matter waiver is limited to the timing of when Mr. Howell decided to terminate [P]laintiff" rather than covering "communications concerning what were the underlying reasons for the termination," she would "not allow" the requested deposition "simply so that that issue can be explored." (*Id*. at 32.)

II. Discussion

    a. **Standard of review**

The standard for granting a motion for reconsideration is strict, and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Bank of Am. Nat'l Ass'n v. AIG Fin. Prods. Corp.*, 509 F. App'x 24, 27 (2d Cir. 2013) ("The standard for granting such a motion is strict . . . ." (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("To warrant reconsideration, a party must 'point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader*, 70 F.3d at 257)).

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May

20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)); *Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (alterations in original) (citations omitted)).

### b. Plaintiff's motion for reconsideration

In seeking reconsideration, Plaintiff argues that the Court's decision upholding Judge Mann's determination as to (2) the scope of the subject matter waiver and (2) the request to depose Rosen are both "demonstrably incorrect." (Pl. Mot. 4.) The Court addresses each argument below.

#### i. Subject matter waiver of attorney-client privilege

Plaintiff argues that the Court committed "clear error" when it found that Judge Mann did not err in holding that Defendants' waiver of attorney-client privilege is limited to the subject matter of the timing of Plaintiff's termination. (*Id.*) In substance, Plaintiff argues that the Court overlooked that Defendants voluntarily made the Supplemental Disclosure, which was broader than the timing of Plaintiff's notification of her pregnancy and included references to the reasons for Plaintiff's termination. (*Id.* at 4–7.) Plaintiff argues that, because the Supplemental Disclosure voluntarily included communications about Plaintiff's termination, the Court erred in finding that the waiver of attorney-client privilege was limited to the issue of the timing of Plaintiff's notification of her pregnancy and did not include the topic of Plaintiff's termination. (*Id.* at 7.) Defendants argue that Riri SA expressly communicated its intention to not broaden any waiver of attorney-client privilege in making the Supplemental Disclosure. (Defs. Opp'n to

6

Pl. Mot. ("Defs. Opp'n") 5–6, Docket Entry No. 99.)

Plaintiff has not identified any facts or controlling law that the Court overlooked in considering Judge Mann's decision as to the scope of the waiver of attorney-client privilege. In the December 22, 2015 Decision, the Court specifically considered the communications of the parties regarding the waiver and controlling law. *Ingenito*, 2015 WL 9412541, at *7. The Court found that, because Riri SA made the Supplemental Production "as a response to Plaintiff's request rather than as a proactive attempt to inject the communication into the litigation," the disclosure did not broaden the scope of the waiver triggered by the Initial Production. *Id*. Because a motion for reconsideration is not "an occasion for repeating old arguments previously rejected," Plaintiff's motion is denied as to the Court's determination that Judge Mann correctly determined the scope of the subject matter waiver that arose from the Initial Production and the Supplemental Production. *See Simon*, 18 F. Supp. 3d at 425.

### ii. Deposition of Defendants' counsel

As to the Court's decision upholding Judge Mann's denial of Plaintiff's request to depose Rosen, Plaintiff argues that the Court misconstrued *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003), which addresses when depositions of counsel are appropriate. (Pl. Mot. 8–14.) Plaintiff argues (1) that the Court incorrectly found waiver of attorney-client privilege to be a "prerequisite" or "fifth" factor for such a deposition, (*id.* at 8–9), and (2) that the Court's finding that the absence of a demonstrated need to depose Rosen could outweigh the other relevant factors is "fallacious and unsupported" by controlling law, (*id*. at 10). Defendants argue that the Court's application of the *Friedman* factors did not overlook controlling law. (Def's Opp'n 7–8.)

In the December 22, 2015 Decision, the Court held that Judge Mann did not err in denying Plaintiff's request to depose Rosen because (1) Judge Mann determined that Plaintiff

7

failed to meet her burden to show a need to depose Rosen, and (2) the absence of a demonstrated need to conduct the deposition of an attorney "can outweigh even a strong showing of the other [*Friedman*] factors, particularly given that Plaintiff expressly seeks to depose counsel as to a privileged topic." *Ingenito*, 2015 WL 9412541, at \*9. The Court expressly considered the analysis established in *Friedman* and Plaintiff's arguments as to the need to depose Rosen. *Id.* Moreover, the Court did not state that a waiver of attorney-client privilege is a requirement to obtain the deposition of an attorney, but rather, that Plaintiff's asserted need for the deposition was the exploration of a topic covered by attorney-client privilege, weighing against Plaintiff's ability to satisfy that factor. *See id.* Plaintiff's re-argument of these factors is insufficient to warrant reconsideration. *See E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010) ("[A] mere disagreement with the Court's legal determination is not a valid basis for reconsideration."). The Court did not overlook controlling law in determining that Judge Mann did not err with respect to her decision not to approve the deposition of Rosen. Accordingly, reconsideration of that determination is not warranted. The Court denies Plaintiff's motion.

## III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 25, 2016
      Brooklyn, New York